The document below is hereby signed.

Signed: January 18, 2018



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LONNA R. HOOKS, | ) | Case No. 12-00328 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

<u>MEMORANDUM DECISION AND ORDER RE MOTION TO AVOID JUDICIAL LIEN</u>

This case was closed on August 29, 2012, and on November 10, 2017, the debtor filed a motion to reopen the case so that the debtor could pursue a motion under 11 U.S.C. § 522(f) to avoid a judicial lien held by Patricia Sweeney on the debtor's residence (which the debtor claimed to be fully exempt). The court reopened the case on December 6, 2017, and the debtor filed a *Motion to Avoid Judicial Lien* on December 21, 2017. Sweeney has opposed the *Motion to Avoid Judicial Lien*, raising affirmative defenses of laches, judicial and equitable estoppel, waiver, and nondischargeability under 11 U.S.C. § 523(a)(3). In pertinent part, § 522(f)(1) provides, with exceptions of no relevance, that:

> the debtor may avoid the fixing of a lien on an interest
> of the debtor in property to the extent that such lien

> impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> 
>> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)[.]

Thus, for purposes of § 522(f)(1)(A), it is irrelevant that the debt secured by the judicial lien is nondischargeable under 11 U.S.C. § 523(a)(3).[1] *See*, *e.g.*, *In re Ash*, 166 B.R. 202, 204-05 (Bankr. D. Conn. 1994). Accordingly, the defense will be stricken. If Sweeney wishes to obtain a determination of nondischargeability under § 523(a)(3) in this court, Fed. R. Bankr. P. 7001 requires that Sweeney file an adversary proceeding complaint. It is thus

ORDERED that Sweeney's affirmative defense, to the *Motion to Avoid Judicial Lien,* of nondischargeability under 11 U.S.C. § 523(a)(3) is stricken without adjudicating whether the debt owed her is nondischargeable under § 523(a)(3). It is further

ORDERED that the Clerk set a scheduling conference on the *Motion to Avoid Judicial Lien*.

[Signed and dated above.]

Copies to: E-recipients of orders.

---

[1] Sweeney does not assert that the debt owed her is nondischargeable under 11 U.S.C. § 523(a)(5) (debts for domestic support obligations). The *Motion to Avoid Judicial Lien* attaches a copy of a complaint filed by Sweeney showing that the debt was for a business loan.